# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Peters,**
**Petitioner Below, Petitioner**

**vs) No. 14-0475** (Berkeley County 13-C-670)

**Marvin C. Plumley,**
**Warden, Huttonsville Correctional**
**Center, Respondent Below,**
**Respondent**

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard Peters, pro se, appeals the April 17, 2014, order of the Circuit Court of Berkeley County dismissing his petition for writ of habeas corpus. Respondent Marvin C. Plumley, Warden, Huttonsville Correctional Center, by counsel Cheryl K. Saville, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, petitioner was indicted on three counts of first degree sexual abuse pursuant to West Virginia Code § 61-8B-7. Petitioner was accused of inappropriately touching the ten-year-old granddaughter of his late girlfriend. At the time, petitioner was sixty-two years old. Petitioner and the State entered into a plea agreement, pursuant to which petitioner agreed to plead no contest to the first two counts of first degree sexual abuse and the State agreed to dismiss the third count. The parties agreed that a specific sentence was the appropriate disposition of the case; consequently, the plea agreement was binding on the circuit court. The parties determined that petitioner would be sentenced to two terms of one to five years of incarceration, to be served consecutively.

At a plea hearing on January 28, 2013, the circuit court read out the terms of the plea agreement including that petitioner was to serve consecutive sentences. Petitioner was then sworn

1

in to give testimony. The circuit court engaged petitioner in a colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), to determine the voluntariness of petitioner's no contest pleas. The circuit court confirmed that petitioner understood that, pursuant to the provisions of the plea agreement, his prison terms "will run consecutive[ly]." Petitioner responded, "Yes, sir." The circuit court asked whether petitioner "had an adequate opportunity to discuss the charges in [the] indictment" with his attorney. Petitioner answered, "Yes, sir." The circuit court inquired whether petitioner was "satisfied with the representation" provided by his counsel. Petitioner responded, "Yes, sir." The circuit court continued its interrogation, as follows:

THE COURT:    Has any person promised or suggested you would be treated any differently than is indicated in the plea agreement to get you to come in here and plead no contest today?

[PETITIONER]:    No, sir.

THE COURT:    Has any person used any threats, force, pressure, or intimidation to get you to come in here and enter these no contest pleas?

[PETITIONER]:    No, sir.

THE COURT:    Has your attorney pressured you into entering the pleas?

[PETITIONER]:    No, sir.

The circuit court asked petitioner's counsel whether counsel believed that petitioner understood his rights and the consequences of his pleas and that petitioner was voluntarily, intelligently, and knowingly entering his pleas. Counsel answered, "Yes, sir." The circuit court inquired whether counsel believed that the plea agreement was in petitioner's best interests. Counsel responded, "Yes, sir." The circuit court asked petitioner if he "agree[d] with what your attorney has just told me?" Petitioner answered, "Yes, sir." The circuit court concluded that "[petitioner's] decision to plead no contest is fully and freely and voluntarily of his free will and accord." Petitioner then signed the plea form, pleading no contest to two counts of first degree sexual abuse. The circuit court accepted petitioner's pleas and convicted petitioner of counts one and two of the indictment. Subsequently, after a March 18, 2013, sentencing hearing, the circuit court imposed two consecutive terms of one to five years of incarceration in accordance with the plea agreement. Petitioner did not file an appeal in his criminal case.

On September 19, 2013, petitioner filed a petition for writ of habeas corpus, alleging that (1) counsel was ineffective (a) by not properly advising petitioner of his right to a preliminary hearing; (b) by not adequately arguing for a reduction of petitioner's bond; and (c) by coercing petitioner into accepting the plea agreement; and (2) petitioner's no contest pleas were coerced through fear and intimidation. On September 26, 2013, the circuit court appointed habeas counsel to investigate whether petitioner's claims were arguably meritorious. Counsel subsequently filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel explained that

ethical constraints prevented him from representing petitioner because counsel believed that petitioner's claims were frivolous. Petitioner responded to counsel's motion in a letter to the circuit court dated March 21, 2014. On April 14, 2014, the circuit court granted counsel's motion to withdraw and dismissed petitioner's habeas petition. In its order dismissing the petition, the circuit court ruled, as follows:

> . . . [Petitioner's] issues with trial counsel's performance at the preliminary hearing and bond reduction stages are waived via a voluntary plea and conviction. Also, [petitioner's] issues with the plea hearing, voluntariness of the plea, and misinformation regarding the consecutive nature of the sentences, were taken up on the record at the plea hearing where [petitioner] confirmed his understanding, under oath.

Petitioner now appeals the circuit court's April 14, 2014, order dismissing his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). A circuit court may dispose of a habeas petition without holding an evidentiary hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973).

On appeal, petitioner alleges that trial counsel provided ineffective assistance because counsel was unprepared to go to trial if that was petitioner's decision. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995). Respondent argues that petitioner's allegations of ineffective assistance were insufficient to require a hearing because they were nothing more than blanket assertions that counsel failed to investigate. We agree with respondent and note that petitioner suggests that an alleged unpreparedness to go trial was counsel's reason for coercing petitioner to enter no contest pleas. Thus, this allegation is covered by the circuit court's finding that the plea hearing transcript confirmed the voluntariness of petitioner's pleas. As discussed *infra*, counsel advised that the plea agreement was in petitioner's best interests because it allowed petitioner to avoid a potentially greater sentence, which constitutes a legitimate reason for giving such advice. Therefore, we conclude that the circuit court did not err in finding petitioner's ineffective assistance of counsel claim had no merit.

3

Next, petitioner contends that his no contest pleas were coerced because trial counsel intimidated him into entering the pleas through fear of a greater sentence if petitioner decided to go to trial. Respondent counters that counsel was performing his job when counsel advised petitioner that he would potentially face a greater sentence if he rejected the State's plea offer. Respondent explains that, pursuant to West Virginia Code § 61-8B-7(c), if the State had sought a finding that petitioner was eighteen years of age or older and that his victim was younger than twelve years of age, the sentencing range would have been "not less than five nor more than twenty-five years." Thus, by agreeing to two consecutive sentences of one to five years of incarceration, respondent asserts that petitioner acted in his best interests. As found by the circuit court, the plea hearing transcript reflects that petitioner testified that he agreed with counsel that the plea agreement served his best interests. Therefore, we conclude that the circuit court did not err in finding that the hearing transcript shows that petitioner's allegation that he was coerced into entering his no contest pleas had no foundation in the record.

Finally, petitioner argues issues on appeal that he did not raise in his habeas petition.[1] "This Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958). However, we do address one of these additional issues because it can be resolved on the present record. Petitioner contends that habeas counsel failed to provide effective assistance by moving to withdraw, including making the allegation that counsel forced petitioner to file the instant appeal by himself. We note that, because the procedure set forth in *Anders* represents only the constitutional minimum for court-appointed counsel in indigent criminal/habeas cases, States are free to adopt their own procedures. *See Smith v. Robbins*, 528 U.S. 259, 276 (2000). By an order entered November 24, 2015, we amended Rules 3 and 10 of the West Virginia Rules of Appellate Procedure to adopt our own standards to govern counsel's conduct in appeals of such cases, which became effective on January 1, 2016. Because habeas counsel complied with the law then in effect in West Virginia, we reject petitioner's contention of ineffective assistance. *See Rhodes v. Leverette*, 160 W.Va. 781, 785 n. 1, 239 S.E.2d 136, 139 n. 1 (1977) (quoting *Anders*, 386 U.S. at 744). Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's April 14, 2014, order dismissing petitioner's petition for writ of habeas corpus.

Affirmed.

---

[1]For the first time on appeal, petitioner raises sufficiency of the evidence and ineffective assistance of habeas counsel as separate issues and, under ineffective assistance of trial counsel, makes the claim that trial counsel withheld from him an inconsistent statement made by the victim.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5